212

**Riley BAILEY, Plaintiff,**

v.

**Abraham RIBICOFF, Secretary of Health, Education, and Welfare, Defendant.**

**Civ. A. No. 1096.**

United States District Court
S. D. West Virginia,
at Huntington.

July 7, 1962.

Clay S. Crouse, Beckley, W. Va., and Robert E. Lusk, Williamson, W. Va., for plaintiff.

Harry G. Camper, Jr., U. S. Atty., Huntington, W. Va., for defendant.

HARRY E. WATKINS, District Judge.

This is an action under 42 U.S. C.A. § 405(g) of the Social Security Act to review a final decision of the Secretary of Health, Education and Welfare. That decision disallowed plaintiff's claim for a period of disability under 42 U.S.C.A. § 416(i) and for disability insurance benefits under 42 U.S.C.A. § 423, and the jurisdiction of this court is limited to a determination of whether that decision was based on substantial evidence. 42 U.S.C.A. § 405(g). The court is precluded from having a hearing de novo. See Carpenter v. Flemming, D.C.N.D. W.Va., 178 F.Supp. 791.

The Act, 42 U.S.C.A. § 416(i), provides for eliminating from a person's earning record the period during which he was under a "disability" in computing his average monthly wage upon which the amount of his benefit is based. A discussion of the elements of this statutory disability is contained in Pruitt v. Flemming, S.D.W.Va., 182 F.Supp. 159. There is no dispute here concerning plaintiff's "insured status" under the Act and it suffices to say that plaintiff will have this "insured status" through June 30, 1963.

On November 8, 1960, plaintiff filed an application for a period of disability and/or disability insurance benefits, alleging that he first became unable to work on June 25, 1958, (at age 40) due to "Silicosis, deaf in rt. ear, hemorh., back trouble (fractured three times)." Following unfavorable administrative determinations, plaintiff requested a hearing by a hearing examiner, waived his right to appear and give evidence, and requested a decision on the evidence before the hearing examiner. On July 28, 1961, the hearing examiner rendered his decision, holding that plaintiff was not under a disability as defined in the Act. On October 13, 1961, the Appeals Council denied plaintiff's request for review of the hearing examiner's decision and that

decision thus became the "final decision" of the Secretary, subject to the present judicial review.

The issue in this case is whether there is substantial evidence in the record to support the Secretary's decision that plaintiff, having the burden of proof, did not show himself to be unable to engage in any substantial gainful activity as a direct result of a medically determinable impairment which was expected either to result in death or to be of long-continued and indefinite duration.

█ Although there is no doubt that plaintiff has silicosis, there is considerable conflict in the medical evidence relating to the severity of this condition. The hearing examiner, as the ultimate arbiter of conflicting evidence, chose to rely upon the conclusions of the Silicosis Medical Board of Charleston, West Virginia, which, on the basis of a physical examination, an X-ray, and an exercise test, stated:

> " * * * this claimants capacity for work has not been impaired by the disease silicosis."

There is other medical evidence of record to lend support to the conclusion of this expert panel. The hearing examiner's decision in this regard is clearly based on substantial evidence and may not be disturbed.

Plaintiff received a back injury in 1958; however, the medical evidence shows that his back responded favorably to treatment, that physically he had only a minor limitation of motion and no limitation at all in his extremities, and that there were no medically ascertainable secondary effects. This also constitutes substantial evidence upon which the hearing examiner could and did make a finding of no disability.

Included among plaintiff's asserted impairments were an infection and deafness in his right ear, hemorrhoids, and a period of hoarseness. Plaintiff's trouble with his right ear had existed since childhood. It was not disabling in itself, nor did it have any relation to plaintiff's other complaints to cause disability in combination with them. There is no indication in the medical evidence that plaintiff's hemorrhoids were actually disabling or even that they caused any medical consultation. Plaintiff's temporary hoarseness was not found to be due to any lung impairment or inability to breathe associated with silicosis, but was diagnosed as being due to voice strain from preaching activities.

There is substantial evidence in the record to support the Secretary's decision. That decision is therefore affirmed.