**James H. COCHRAN, Appellant,**

v.

**Anthony J. CELEBREZZE, Secretary of Health, Education and Welfare, Appellee.**

**No. 9073.**

United States Court of Appeals Fourth Circuit.

Argued Oct. 1, 1963.

Decided Nov. 20, 1963.

Clay S. Crouse, Beckley, W. Va. (Merrell I. Budnick, Northfork, W. Va., on brief), for appellant.

Lawrence R. Schneider, Attorney, Department of Justice (John W. Douglas, Asst. Atty. Gen., Harry G. Camper, Jr., U. S. Atty., and Sherman L. Cohn, Attorney, Department of Justice, on brief), for appellee.

Before HAYNSWORTH and BORE-MAN, Circuit Judges, and R. DORSEY WATKINS, District Judge.

R. DORSEY WATKINS, District Judge.

Plaintiff-appellant filed a claim for a period of disability and disability insurance benefits under Sections 216(i) and 223 of the Social Security Act, as amended, 42 U.S.C. §§ 416(i) and 423. After a hearing, the application was denied, and this denial was affirmed by the District Court below.

Appellant was born on November 30, 1919 and has a sixth grade education. At the age of fourteen, he contracted pneumonia. This caused, or was accompanied by, a swelling of the legs and ankles, which developed into osteomyelitis. Numerous flare-ups occurred, requiring hospitalization and removal of fragments of dead bones, preventing him from working for seven years. At the age of twenty-one he started to work, loading coal by hand in a small coal mine. His entire work experience has been as a coal miner, or driving a truck, apparently in association with mining.

About 1941 appellant broke three cervical vertebrae. In 1958 he reinjured his neck in a mine accident. Shortly thereafter, he developed asthma and a stomach ulcer. In addition, his lower back, legs and hip began to bother him; and when he drove a truck, his feet and ankles would swell and become weak. The existence of these disabilities is clearly established by the record, and with one exception, the medical reports are to the effect that appellant is totally disabled.

The evidence was exhaustively, and fairly, reviewed by the Hearing Examiner. His summary, and his conclusions, are as follows:

* * *

"To summarize—this claimant has had continuously since March 1, 1961, residuals of old osteomyelitis, a respiratory condition, and a stomach ulcer. He has also had a chronic skin condition. As the examiner assesses the demonstrated level of severity of those impairments over the pertinent period, from the standpoint of functional physical loss and residual capacity, it is plain that the claimant's lower legs and ankles swell and ache if he

stands or walks very long; but there is no evidence to show that he has not had full ankle, knee and leg motion. Because of his chronic asthma or bronchitis, it is apparent that claimant has not been able to engage in arduous activity or work without becoming short of breath. By reason of his ulcer, the claimant has had to adhere closely to diet and medication regime to maintain his weight and general nutrition, and to avoid stomach pain and distress. In addition, claimant has had a chronic skin condition which undoubtedly causes him considerable annoyance. In the examiner's opinion, the sum total of the severity of these impairments over the pertinent period has made it impossible for claimant to continue at his normal, physically demanding work as a coal miner or truck driver. But these impairments have not, either singly or in combination, reduced claimant's overall physical functions so much as to have made it impossible for claimant to follow numerous other types of lighter work available in the American economy, perhaps even sedentary work, consistent with his age, general intelligence, education and background. And it is so found. Accordingly, it is the examiner's decision that statutory disability has not been established in this case on the basis of claimant's application of December 2, 1960, and his entitlement to benefits sought is denied."

The conclusion of the District Judge was to the same effect:

\* \* \*

"There is substantial evidence to support the finding of the Secretary that plaintiff's impairments have not, singly or in combination, reduced his overall physical functions so much that he cannot engage in other types of substantial gainful activity consistent with his age, general intelligence, education, and background, even though he may not be able to perform his usual, physically demanding work as a coal miner or truck driver. There is also substantial evidence to support the final decision of the Secretary that plaintiff was not disabled within the meaning of the Act at any time during the effective period of the application of December 2, 1960. Defendant's motion for summary judgment is granted." (Cochran v. Celebrezze, D.C.S.D.W.Va.1963, 217 F.Supp. 743, 747).

On the present state of the record, we are unable to agree with these conclusions. The evidence with respect to available work dealt with mining and truck driving. The Hearing Examiner expressly held that appellant was unable "to continue at his normal, physically demanding work as a coal miner or truck driver." The evidence negates the existence of a sedentary job, such as checker, in the coal mines, and appellant testified that even if there were such a job, he could not hold it, because he was unable to sit still. The only other type of employment mentioned in the record was that of "making wedges" which appellant described as "about the easiest job you can do \* \* \*."

It is not clear from the record whether appellant has in fact tried to do any type of work since 1959, or what, if any, kind of work appellant is able to do, and whether this kind of work, if any, is available to him. Evidence on these matters should have been developed, and findings made with respect thereto, bearing in mind that a claimant is " 'not required by the use of a catalogue of the nation's industrial occupations to go down the list and verbally negative his capacity for each of them or their availability to him as an actual opportunity for employment'." Underwood v. Ribicoff, 4 Cir. 1962, 298 F.2d 850, 854, quoting with approval from Butler v. Flemming, 5 Cir. 1961, 288 F.2d 591, 595.

The case is accordingly remanded to the District Court with directions to remand it to the Secretary of Health, Education and Welfare for further proceedings in conformity herewith.

Remanded.