Solomon WOODSON, Appellant,

v.

Anthony J. CELEBREZZE, Secretary of Health, Education and Welfare, Appellee.

No. 9110.

United States Court of Appeals Fourth Circuit.

Argued Nov. 7, 1963.

Decided Dec. 5, 1963.

J. N. Harman, III, Welch, W. Va., for appellant.

Lawrence R. Schneider, Atty., Dept. of Justice (John W. Douglas, Asst. Atty. Gen., Harry G. Camper, Jr., U. S. Atty., and Alan S. Rosenthal, Atty., Dept. of Justice, on brief), for appellee.

Before BOREMAN and BRYAN, Circuit Judges, and BUTZNER, District Judge.

PER CURIAM.

The plaintiff-appellant, Solomon Woodson, is claiming disability insurance benefits under sections 223 and 216(i) of the Social Security Act as amended. The District Court, after reviewing the evidence concerning the claimant's various physical impairments, found that claimant had not established that his impairments, either singly or in combination, were so severe as to render him unable to engage in any substantial gainful activity, and further found substantial evidence to support the Secretary's decision that claimant is not disabled within the meaning of the Act. The Secretary's motion for summary judgment was granted.[1] This appeal followed.

The evidence shows that the plaintiff's sole occupation was working in and about the coal mines of southern West Virginia for long years; that he loaded coal, worked as a brakeman on an underground coal car system, and also on a supply crew loading and hauling timber, heavy equipment and the like; that his physical disabilities were such that he could no longer engage in that type of work; that he lived with his wife and seven children in a rural coal-mining community and received $165.00 monthly from the West Virginia Department of Public Assistance. In fact, these were the findings of the examiner. Summarizing, the examiner stated his conclusions as follows:

"In view of all the foregoing it is the examiner's conclusion that the claimant has not established that he has impairments, either singly or in combination, of such severity as to preclude him from engaging in any substantial gainful activity at any time for which his application of October 4, 1960, was effective. *This is not to say that claimant is physically able to return to his arduous former work in a coal mine, and it is recognized that claimant's limited educational and work background does not equip him to engage in certain types of work. But one can call to mind many more or less sedentary occupations in the general American economy that a person with claimant's background, no more severely impaired than the claimant, should be able to fill adequately.*" (Emphasis supplied.)

1. Woodson v. Celebrezze, 217 F.Supp. 107 (D.C.S.D.W.Va.1963).

Recently this court considered on appeal the case of Cochran v. Celebrezze, Secretary of the Department of Health, Education and Welfare, 325 F.2d 137, in which the examiner found that the severity of claimant's physical impairments made it impossible for claimant to continue at his normal, physically demanding work as a coal miner or truck driver but had not reduced claimant's over-all physical functions so much as to have made it impossible for claimant to follow numerous other types of lighter work available in the American economy, perhaps even sedentary work, consistent with his age, general intelligence, education and background. There, the claimant was a coal miner and truck driver, living in a rural coal mining community in southern West Virginia.

In Cochran, this court said:

"It is not clear from the record whether appellant has in fact tried to do any type of work since 1959, or what, if any, kind of work appellant is able to do, and whether this kind of work, if any, is available to him. Evidence on these matters should have been developed, and findings made with respect thereto, bearing in mind that a claimant is 'not required by the use of a catalogue of the nation's industrial occupations to go down the list and verbally negative his capacity for each of them or their availability to him as an actual opportunity for employment'. Underwood v. Ribicoff, 4 Cir. 1962, 298 F.2d 850, 854, quoting with approval from Butler v. Flemming, 5 Cir. 1961, 288 F.2d 591, 595."

The case was remanded to the District Court with directions to remand the case to the Secretary for further proceedings in conformity with this court's opinion.

Since we are unable to factually distinguish the case at bar from the Cochran case, we shall reaffirm our holding in Cochran and remand the instant case to the District Court with directions to remand to the Secretary for further proceedings in conformity with this opinion.

Remanded with directions.