William F. RAY, Appellant,

v.

Anthony J. CELEBREZZE, Secretary of Health, Education and Welfare, Appellee.

No. 9554.

United States Court of Appeals
Fourth Circuit.

Argued Nov. 10, 1964.

Decided Jan. 11, 1965.

Sherman L. Cohn, Atty., Dept. of Justice, and Donald P. Moore, Acting U. S Atty., on brief), for appellee.

Before BOREMAN and BELL, Circuit Judges, and WINTER, District Judge.

BOREMAN, Circuit Judge:

On August 8, 1958, appellant, William F. Ray, filed an application under 42 U.S.C.A. § 416(i) (2) to establish a period of disability, commonly called a "disability freeze," beginning November 15, 1957. His application was denied by the District Office at Charleston, West Virginia, and on June 7, 1960, he filed with the Office of Hearings and Appeals a request for a hearing. On December 1, 1960, a hearing was held at which Ray appeared and testified. On February 14, 1961, the hearing examiner entered an order in which he stated his conclusion that the medical evidence did not establish that Ray was disabled within the meaning of 42 U.S.C.A. § 416 (i) (1). Ray then appealed to the Appeals Council. The Council concluded that additional medical evidence was necessary to resolve some discrepancies in prior medical findings and arranged to have Ray examined by two more doctors. The Council then reviewed all the medical evidence and, after making findings very similar to those made by the hearing examiner, determined that Ray was not disabled under the Social Security Act. This decision became the final decision of the Secretary. Pursuant to 42 U.S.C.A. § 405(g), Ray filed the present action in the United States District Court for review of the Secretary's decision. The District Court found substantial evidence in the record to support the Secretary's position and affirmed the decision. This appeal followed.

When Ray applied for the period of disability he was forty-five years old. He applied for a "disability freeze" rather than disability benefits as the 1954 Social Security Act which was then in effect provided that he was not entitled to disability benefits until he became fifty years of age. 42 U.S.C.A.

Franklin W. Kern, Charleston, W. Va., for appellant.

Robert J. Vollen, Atty., Dept. of Justice (John W. Douglas, Asst. Atty. Gen.,

§ 423(a) (1) (B), (1954 Act). Since the time he filed his application Congress has amended section 423 and eliminated all age requirements for benefits if applicant is disabled within the meaning of the Act. The purpose of seeking a "disability freeze" under section 416(i) (2) was to protect his old age and survivor's insurance rights against impairment of his earning capacity through total disability before reaching retirement age. Pruitt v. Flemming, 182 F. Supp. 159 (S.D.W.Va.1960). Once the disability was established, the period during which he was disabled would be eliminated from his earnings record in computing his average monthly wage upon which the amount of his benefits would be based when he reached retirement age. Bailey v. Ribicoff, 206 F. Supp. 212 (S.D.W.Va.1962). To establish the disability under 42 U.S.C.A. § 416(i) (1), it was incumbent upon Ray to prove a medically determinable physical or mental impairment which could be expected to result in death or to be of long-continued and indefinite duration and that the impairment prevented him from engaging in any substantial gainful activity. Thomas v. Celebrezze, 331 F.2d 541, 545 (4 Cir. 1964). The hearing examiner and the Appeals Council in their decisions concluded that Ray had shown that he had a permanent physical impairment but that the impairment did not prevent him from engaging in any substantial gainful activity.

The evidence disclosed that Ray was born January 22, 1912; he attended school through the eighth grade; his work experience consisted of employment early in life as a coal miner and more recently as a welder for Union Carbide Corporation at its plant at Alloy, West Virginia. Ray testified that on April 12, 1957, while at work he received an injury to his low back from lifting a welding machine. Later, on November 13, 1957, he was involved in an automobile accident in which he injured his neck and cervical region. He did not go to the hospital but reported for work at his job with Union Carbide the following Monday, November 15. During the day his supervisor noticed that Ray was perspiring very freely and sent him to a first aid station. There he was found to have "pneumonia fever" and a numbness of his right arm and he was sent home. Ray stated that his right arm went numb and began to pain him so he contacted his family physician, Dr. Peck, who sent him to Charleston, West Virginia, to Dr. Caudill who took several X-rays. He returned to his home and on doctors' orders went to bed and was placed in traction to relieve the pain in his arm. He stayed in this position approximately three months. After almost a year he reapplied for work at Union Carbide but the company doctor, C. W. Stallard, refused to pass him because of his physical condition. Ray has not worked since the day he was sent home, November 15, 1957.

Since his injury in the automobile accident this applicant has been examined and treated by several doctors, including the two appointed by the Appeals Council and one appointed by the District Office. With the exception of the medical report filed by the doctor appointed by the District Office, all the other reports indicated generally that, as a result of the two incidents, Ray had sustained damage to his spine in the cervical and lumbar regions which was worsened by an arthritic condition causing him considerable pain. The reports were conflicting as to the extent and severity of the physical impairments.

The hearing examiner and the Appeals Council reviewed the medical evidence thoroughly and recognized that Ray had physical impairments which prevented him from doing any heavy manual labor. In its decision the Appeals Council stated:

"All the evidence of record indicates that the claimant is unable to engage in arduous manual work, especially that which he had performed from 1951 to November 1957, as a welder which required lifting and moving fairly heavy pieces of steel. All of the evidence also indicates that the

element of pain is the most significant problem involved."

\*   \*   \*   \*   \*   \*

"As indicated above, the claimant's principal impairment is the arthritic condition which prevents him from returning to his former work. However, this does not by itself establish disability under the Social Security Act. \* \* \* In the opinion of the Appeals Council, the claimant's impairment has not prevented him from engaging in any and all forms of substantial gainful activity, including sedentary and semi-sedentary work, and the Council so finds. This conclusion is based, not on speculation as to what is remotely conceivable, but on what is 'reasonably possible.' \* \* \* Industrial and Governmental studies show that many types of jobs in numerous industries have been capably filled by persons with back and limb impairments, and that these jobs include many which require little or no training or educational background. \* \* \* These studies indicate that numerous jobs are ably performed by persons who are much older than the claimant and have impairments far more severe than his. \* \* \*."

The District Court stated in its letter opinion affirming the decision of the Secretary:

"There is substantial evidence of record to support the Secretary's decision that the plaintiff was not under a 'disability' as defined in the Act, and accordingly, the Secretary's motion for summary judgment is granted, and the Appeals Council's decision that plaintiff is not entitled to a period of disability is affirmed. \* \* \*."

The present record before us does not reflect sufficient evidence on which we can reach the same conclusion. The Appeals Council found that in the future Ray could not perform the only type of work he has ever done but stated that industrial and governmental surveys indicate he will be able to perform sedentary or semi-sedentary jobs. This court has held in similar situations that where the Secretary finds a claimant is unable to return to his former job but still is able to work and the evidence in the record does not show any other work which the claimant is capable of doing, the Secretary must take evidence and make specific findings based upon the particular claimant's ability, education, background and experience as to what, if any, kind of work he or she can perform and that employment opportunities of this nature are available. Merely citing catalogues which list capsule descriptions of thousands of jobs available to prospective employees is not sufficient. Hanes v. Celebrezze, 337 F.2d 209, 215 (4 Cir. 1964); Thomas v. Celebrezze, 331 F.2d 541, 546(4 Cir. 1964); Woodson v. Celebrezze, 325 F.2d 479 (4 Cir. 1963); Cochran v. Celebrezze, 325 F.2d 137 (4 Cir. 1963). See also, Hall v. Flemming, 289 F.2d 290 (6 Cir. 1961), and Kerner v. Flemming, 283 F.2d 916 (2 Cir. 1960).

There is no evidence in this record which reveals the type of work Ray is still able to do. The Secretary admits in his brief that specific findings on this issue were not made and requests that the case be remanded. Accordingly, the case is remanded to the District Court which will then remand to the Secretary for appropriate findings consistent with the views herein expressed.

Remanded for further proceedings.