**Clifford HALL, Appellant,**

**v.**

**Anthony J. CELEBREZZE, Secretary of Health, Education and Welfare, Appellee.**

**No. 9848.**

United States Court of Appeals Fourth Circuit.

Argued May 4, 1965.

Decided June 28, 1965.

Glyn Dial Ellis, Logan, W. Va., for appellant.

J. F. Bishop, Atty., Dept. of Justice (John W. Douglas, Asst. Atty. Gen., and Sherman L. Cohn, Atty., Dept. of Justice, and George D. Beter, Acting U. S. Atty., on brief), for appellee.

Before SOBELOFF and J. SPENCER BELL, Circuit Judges, and LEWIS, District Judge.

J. SPENCER BELL, Circuit Judge.

The claimant herein, Clifford Hall, has appealed from a decision of the district court which upheld a determination by the Secretary's representatives that he had failed to establish that he was entitled to either a period of disability or disability insurance benefits under the Social Security Act on March 6, 1961, the date his present application for benefits expired. The district judge, after a review of the relevant medical evidence and the hearing examiner's report, concluded that the record contained substantial evidence to support the prior administrative determinations adverse to the claimant. Accordingly, an order was entered on August 25, 1964, granting the Secretary's motion for summary judgment.

■■ We have given the record, the briefs, and the oral arguments of counsel our careful attention. It is our judgment that a remand to the Secretary's hearing examiner for additional factual findings is the appropriate course of action in this proceeding. This is necessary in view of our repeated observation that a denial of disability benefits to a claimant on the basis that although he is not able to return to his former employment, he is still capable of engaging in some gainful activity must be supported by findings *both* as to the particular work the claimant is still capable of performing *and* the availability of these employment opportunities to him in or near the area in which he resides. Cyrus v. Celebrezze, 341 F.2d 192, 196 (4 Cir. 1965); Ray v. Celebrezze, 340 F.2d 556, 559 (4 Cir. 1965); Hanes v. Celebrezze, 337 F.2d 209, 215 (4 Cir. 1964); Thomas v. Celebrezze, 331 F.2d 541, 546 (4 Cir. 1964); Woodson v. Celebrezze, 325 F.2d 479, 481 (4 Cir. 1963); Cochran v. Celebrezze, 325 F.2d 137, 139 (4 Cir. 1963); Underwood v. Ribicoff, 298 F.2d 850, 854 (4 Cir. 1962).

Here although he indicated with sufficient specificity the types of substantial gainful employment which he considered Hall capable of performing as of March 6, 1961, the examiner failed to make any finding regarding the actual availability of these employment opportunities to the claimant.[1]

In order that administrative and judicial resources should not be wasted by an unwarranted duplication of proceedings and that an unnecessary burden should not be placed upon Hall, we strongly urge that the hearing examiner on remand take appropriate steps to ascertain whether Hall now desires to file a new application for benefits claiming disability as of September 30, 1963, the date on which his insured status expired. We request this procedure in view of the unchallenged medical reports in July and October of 1963 by Drs. F. J. Burian and J. M. Whittico which indicate that the claimant's condition had worsened as of that date and could reasonably be expected to grow progressively worse with the passage of time. The testimony of the claimant and his friends pertaining to Hall's subjective pain and his general physical condition given at the hearing conducted by the examiner on July 11, 1963, also suggested that his condition had been gradually deteriorating. For substantial amounts of additional time and effort to be spent in dealing at length with the present application for benefits when it cannot settle the question of Hall's right to disability relief commencing at a later date seems to us a useless procedure highly unlikely to justify either the further cost to the American taxpayers or the delay to the claimant.

The judgment of the district court is vacated, and the case is remanded to the Secretary for proceedings in accordance with this opinion.

Vacated and remanded with instructions.

---

1. Although he did not expressly state in his opinion that Hall was unable to return to the last position he held, we think that it may be fairly inferred from the language the examiner used (Record, p. 19) that he so regarded the claimant. Hall was last employed as a truck driver hauling and delivering explosives for King Powder Company, a job he held from May, 1956 until July 28, 1958.