**James A. ADKINS, Plaintiff,**

v.

**Anthony J. CELEBREZZE, Secretary of Health, Education and Welfare, Defendant.**

**Civ. A. No. 2059.**

United States District Court
S. D. West Virginia,
Huntington Division.

Sept. 29, 1965.

Harry F. Thompson, Jr., Huntington, W. Va., for plaintiff.

Milton J. Ferguson, U. S. Atty., Charleston, W. Va., for defendant.

CHRISTIE, District Judge.

This is an action under Section 205(g) of the Social Security Act, 42 U.S.C.A. § 405(g), to review a final decision of the Secretary of Health, Education, and Welfare.

On November 20, 1961, plaintiff filed an application for disability insurance benefits and to establish a period of disability, alleging that he became unable to work on June 22, 1960, at age 31, because of a back injury, two boken vertebrae in the neck, and a broken cheekbone. This application was denied initially and upon reconsideration by the Administrative Agency. On November 27, 1963, a hearing examiner also found that plaintiff was not entitled to a period of disability or disability insurance benefits. The Appeals Council, on May 27, 1964, denied plaintiff's request for review of the examiner's decision. Plaintiff then brought an action in this court requesting judicial review of that decision. On motion of the Secretary, this Court on September 28, 1964, remanded the case to the Secretary for further administrative action. After a second hearing in which testimony of a vocational expert was obtained in addition to the plaintiff and his witness Roy Lee Walker, the hearing examiner, in a supplemental decision on January 14, 1965, recommended a denial of plaintiff's claim. After consideration of the entire record, the Appeals Council rendered the final decision on February 26, 1965, which adopted the hearing examiner's recommended decision. The case being back before this Court, defendant has moved for summary judgment under Rule 56(b) F.R.Civ.P.

The hearing examiner in his recommended decision which held that plaintiff was not disabled within the meaning of the Act, made certain findings and conclusions which are in pertinent part as follows:

"4. Claimant suffers from the following residuals of the aforesaid accident:

"a. thickening of the mucous membrane of the right maxillary region and a difficulty in chewing tough foods

"b. a fifteen degree loss of motion of the cervical spine in all planes

"c. that, in addition claimant suffers from minimal osteoarthritis of the cervical spine

"d. occasional episodes of mild pain in the neck, shoulders and arms

"e. that no other impairments have been established.

\*   \*   \*   \*   \*   \*

"6. Claimant is currently employed in the following jobs:

"a. as a school bus driver by the Lincoln County School Board for a salary of $210.00 per month, driving a bus which is a 60-passenger GMC bus, for a period of approximately three hours per day on each school day, totalling about 49 miles, hauling an average of 150 children per day. Claimant performs ordinary driver maintenance, and has performed this job successfully, being now in the midst of his second consecutive

year as a school bus driver, and having successfully passed two physical examinations to qualify for such jobs.

"b. as a part-time service station attendant for his brother-in-law, performing the customary chores normally done in such service stations and receiving in return therefor free rent and occasional contributions.

"7. The claimant is performing substantial gainful activity.

"8. Claimant is not able to engage in heavy labor, such as would be entailed in lifting heavy weights or in prolonged twisting or bending or standing.

"9. That claimant's residual working capacity qualifies him to serve in the following additional jobs: Sawline Inspector; Turning Machine Operator; Cylinder Sander Operator; Conveyor Man; Glass Cutter; Glass Polisher; Wood Hoop Maker; Hoop, Punch and Coiler Operator; Tongue and Groove Machine Operator; Brick Tester, Grade I; Millman; *Turning Machine Operator;* Spindle Sander; Chucking Machine Operator; that such jobs exist in reasonable number in the American economy; that, in particular, they exist in the immediate area of claimant's place of residence, and in substantial number within a radius of 150 miles thereof; that such jobs are all either light or sedentary; that such jobs represent a reasonable transfer of training insofar as the claimant's past working experience is concerned."

In reviewing these findings, the Court is somewhat circumscribed by the following provision of the Social Security Act:

"The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive, * * * ." Section 205(g), 42 U.S.C.A. § 405(g).

In construing the term "substantial evidence," our Fourth Circuit has held it to be more than a scintilla, but less than a preponderance. Thomas v. Celebrezze, 331 F.2d 541 (4th Cir. 1964). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion and it must be based on the record as a whole. Celebrezze v. Bolas, 316 F.2d 498 (8th Cir. 1963). Thus, we are only concerned here with whether the findings of the Secretary are supported by substantial evidence.

From a careful review of the evidence of record, we must conclude that the Secretary's decision denying plaintiff entitlement to disability insurance benefits and a period of disability is fully supported by substantial evidence of record. The disability requirements of the Act are strict and severe. To be considered disabled one must show that he is unable to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment which can be expected to result in death or to be of long-continued and indefinite duration. 42 U.S.C.A. § 423(c) (2). The medical evidence of record clearly shows that plaintiff is suffering from injuries to his cervical spine along with pain in the back, neck, shoulders and arms. Beyond question, these are medically determinable impairments, but that does not necessarily entitle him to benefits under the Act. Instead, the impairments must cause inability to engage in any substantial gainful activity. Gotshaw v. Ribicoff, 307 F.2d 840 (4th Cir. 1962); Pearman v. Ribicoff, 307 F.2d 573 (4th Cir. 1962); Underwood v. Ribicoff, 298 F.2d 850 (4th Cir. 1962). The evidence shows that plaintiff is currently employed as a school bus driver for the Lincoln County School Board and has been so employed since September of 1963. The only question then would be whether this type of employment constitutes "gainful activity." As stated in Hanes v. Celebrezze, 337 F.2d 209 (4th Cir. 1964),

"Manifestly, the inference of ability to engage in substantial gain-

ful activity is stronger where the job itself constitutes substantial gainful activity. Hence, consideration must be given to the work which the claimant actually performs and the nature of the employment."

Here, plaintiff drives a 60-passenger school bus for a period of approximately three hours per day on each school day, totalling about 49 miles, hauling an average of 150 children per day. The Court will take judicial notice of the rigid physical examinations that are required of each driver under West Virginia law and put great weight on the fact that plaintiff has successfully passed two physical examinations to qualify for this job. Of further significance, we think, is the fact that plaintiff's salary for driving the school bus is $210.00 per month. Under the Social Security Regulations, Section 404.1534(b) provides,

> "Earnings at a Monthly Rate in Excess of $100. An individual's earnings from work activities averaging in excess of $100 a month shall be deemed to demonstrate his ability to engage in substantial gainful activity in the absence of evidence to the contrary."

The record before us being absent of evidence to the contrary, we must find that the Secretary was justified in concluding that plaintiff, although having medically determinable impairments, was engaging in substantial gainful activity so as to preclude him from coming within the required definition of disability under the Act.

Therefore, finding that plaintiff is engaging in "gainful activity," it becomes unnecessary at this time to evaluate the additional evidence submitted by the vocational expert as to plaintiff's ability to engage in other forms of gainful activity. It will suffice to say that such evidence lends more support in justifying the Secretary's decision.

So viewed, defendant's motion for summary judgment is granted and plaintiff's complaint hereby dismissed.