Raymond C. WIMMER, Appellee,

v.

Anthony J. CELEBREZZE, Secretary of Health, Education and Welfare, Appellant.

No. 9970.

United States Court of Appeals Fourth Circuit.

Argued Nov. 3, 1965.

Decided Jan. 3, 1966.

Robert J. Vollen, Atty., Dept. of Justice (John W. Douglas, Asst. Atty. Gen., Sherman L. Cohn, Atty., Dept. of Justice, and Thomas B. Mason, U. S. Atty., on brief), for appellant.

H. Clyde Pearson, Roanoke, Va. (Hopkins, Pearson & Engleby, Roanoke, Va., on brief), for appellee.

Before SOBELOFF, BOREMAN and J. SPENCER BELL, Circuit Judges.

J. SPENCER BELL, Circuit Judge.

The Secretary appeals from an order of the district court which reversed the Secretary's decision and granted to the claimant benefits under sections 216(i) and 223 of the Social Security Act. 42 U.S.C. §§ 416(i) and 423. The Appeals Council, in affirming the Trial Examiner's denial of benefits, recognized that the claimant had suffered physical impairment which prevented him from engaging in his former occupations but concluded that he was not prevented from the performance of all substantial gainful activity and was not, therefore, under a disability within the meaning of the Act.[1]

After concluding that the claimant could not pursue his former employment the Hearing Examiner's report continued:

"The Hearing Examiner notes from the medical evidence that Mr. Wimmer had no impairment of vision or of his extremities. Therefore, the Hearing Examiner concludes that with his demonstrated occupational observational skills, operating a road grading machine and a bulldozer, he could with little or no training perform sedentary or light simple visual and inspection tasks such as a finishing inspector in the knit good industry, egg handler, or sausage grinder in the meat packing industry. With his demonstrative manipulative dexterity and eye-hand coordination, he could be able to use his hands and the required tools for assembling, packaging, sorting, cutting, fitting or finishing small parts of materials at a bench or conveyor, such as a coil winder in the electrical equipment industry or as a spray-gun assembler in the machine factory manufacturing industry. These jobs may be found in the economy of the State of Virginia *or* the economy of this Country." (Emphasis added.)

The Council, in affirming the Trial Examiner, added these comments in its decision:

"The fact that the claimant has only a sixth grade education and that some functional limitations are

---

1. The claimant is 59 years old. He has a sixth grade education. His entire life has been spent in rural Giles County in southwestern Virginia. His job history discloses that he has always done strenuous outdoor work including farming, manual labor on road construction gangs, and some operation of heavy machinery. His medical history discloses impairments of the gastrointestinal system and the respiratory system. In 1955, the claimant suffered an attack of pneumonia. In November of 1962 tests revealed a tumor which was hemorrhaging. Surgery was performed, during which the claimant's cyanosis became so acute that the operation was terminated before completion. In January 1963 he successfully underwent a gastroenterostomy. The consultants' diagnoses included a history of peptic ulcer with subtotal gastric resection; pulmonary emphysema, moderate; and bilateral inguinal hernia. The claimant's weight has fallen from his normal of 165 pounds to 110. The claimant contended that he was unable to perform any work by reason of extreme shortness of breath. Treating physician generally agreed, but the Secretary's consultants concluded that the clinical tests did not disclose this degree of pulmonary impairment although they, the Trial Examiner and the Appeals Council concluded that the claimant could not engage in his prior activities.

shown is recognized. It is unreasonable, however, to assume that he is unable to engage in any substantial gainful activity. Our economy has many light or semi-sedentary jobs which are routine and repetitive and require few skills and little or no education. Many such positions are almost universally available. For example, filling station attendant, washer and greaser of automobiles, dispatcher for taxicabs (since the claimant was an operator of equipment for the State Highway Department some such positions may be within the range of his vocational competence); owners of private homes often hire workers to perform light tasks such as weeding, trimming hedges, raking and burning leaves, trash disposal, waxing floors, and small minor repairs to furniture, or home repair such as replacing screens or window panes, mending fences, etc. There are many light duties available on farms, in cemeteries, nurseries and greenhouses such as mowing or trimming grass, weeding, potting plants and resetting them. Factories have light assembly work of many varieties."

In the district court, both parties moved for summary judgment. The court granted the claimant's motion, holding that the record did not substantiate the administrative finding that the claimant was not disabled within the meaning of the Act. In an informal letter opinion to counsel the court stated that the record supported the Council's finding that Wimmer could do sedentary work and added:

"But I do not believe that there is any substantial amount of sedentary work available in Giles County, especially for a man of fifty-eight years of age. There are, I know, several plants near Narrows but I do not believe those plants would be taking on a man of his age and background for clerical work. And I have repeatedly held that, if there is no work available for a man in his home community, he does not have to search the length and breadth of the United States in the hope of finding a job."

The Secretary seeks reversal on the ground that the district court in reaching its judgment considered an impermissible factor: namely, the availability in claimant's home community of work which he was capable of doing. In urging this position the Secretary is asking the court to reverse its decision in Hall v. Celebrezze, 347 F.2d 937 (4 Cir. 1965), and Cyrus v. Celebrezze, 341 F.2d 192 (4 Cir. 1965), and to reject much of the language which he considers to be dicta in Cochran v. Celebrezze, 325 F.2d 137 (4 Cir. 1963); Woodson v. Celebrezze, 325 F.2d 479 (4 Cir. 1963); Thomas v. Celebrezze, 331 F.2d 541 (4 Cir. 1964); Hanes v. Celebrezze, 337 F.2d 209 (4 Cir. 1964); and Ray v. Celebrezze, 340 F.2d 556 (4 Cir. 1965). We cannot accept the Secretary's suggestions. We think he reads too literally the district court's informal letter opinion. We affirm as we think the judgment consistent with the numerous opinions of this and other courts on the point.

We are strengthened in our position on this interpretation of the statute by the opinions of the Fifth Circuit in Celebrezze v. Kelly and of the Sixth in Massey v. Celebrezze which will be discussed later. In Hall we held that a denial of disability benefits to a claimant on the basis that although he is not able to return to his former employment, he is still capable of engaging in some gainful activity must be supported by findings *both* as to the particular work the claimant is still capable of performing *and* the availability of these employment opportunities to him in or near the area in which he resides. In Cyrus we said:

"An even more serious defect in the Secretary's finding, however, is the total absence of proof that jobs exist in the local economy which Cyrus, with his handicap, is capable of performing. * * * The record is barren of evidence to show that he actually checked to determine wheth-

er the jobs he cited were available in the vicinity of Cyrus' home. In fact, the decision of the Appeals Council specifically states it has not attempted to show 'proof of specific job openings or vacancies which would have been available to the claimant' * * *."

Since the abstract "average" man is not the standard to be used, Pearman v. Ribicoff, 307 F.2d 533 (4 Cir. 1962), there must be evidence to show the reasonable availability of jobs which this particular claimant "is capable of performing." In Ray, supra, this court said, speaking through Judge Boreman:

"This court has held in similar situations that where the Secretary finds a claimant is unable to return to his former job but still is able to work and the evidence in the record does not show any other work which the claimant is capable of doing, the Secretary must take evidence and make specific findings based upon the particular claimant's ability, education, background and experience as to what, if any, kind of work he or she can perform and that employment opportunities of this nature are available. Merely citing catalogues which list capsule descriptions of thousands of jobs available to prospective employees is not sufficient." (Citing cases.)

In none of the cases decided in this Circuit do we find any language which would throw doubt upon the above doctrine.

We now turn to the question of the geographical proximity of the "available" employment. In discussing this issue, the Fifth Circuit in Celebrezze v. Kelly, 331 F.2d 981 (5 Cir. 1964), after stating that it is not necessary to show that jobs were available in the town or community in which the claimant lived nor was it sufficient to show that such jobs

existed at some point far distant, the court added:

"He must determine whether there is a reasonable opportunity for the claimant to compete, in the manner normally pursued by persons genuinely seeking work, for a job within his determined capabilities. In making this decision he must, of course, consider the matter of reasonable availability of jobs within the geographical areas which the claimant would normally be expected to consider if regularly in the labor market."

In Massey v. Celebrezze, 345 F.2d 146 (6 Cir. 1965), the court faced exactly this issue of geographical proximity. The court, citing Celebrezze v. Kelly, Butler v. Flemming, 288 F.2d 591 (5 Cir. 1961), and Cyrus v. Celebrezze, supra, held that the Secretary must show "proof that any job, reasonably available, which '[the claimant] was capable of performing existed within the general area in which he lived." 345 F.2d at 158.

In summary we think these authorities stand for the principle that neither the provisions of the statute relating to a complainant's impairments nor those relating to the availability of employment may be applied in a vacuum but must instead be considered in the factual context of each case. We agree that the Secretary does not have to show that a particular employer has a job available for the claimant. We also agree that the Secretary need not show in every case that employment exists within a specific geographical boundary. But neither can he satisfy the requirement of the statute in every case by showing that work of a suggested type exists somewhere in the United States economy.[2] The Secretary insists upon the language "generally within the economy" but he himself refuses to define the numerical and geographical dimensions of "generally." We recognize the Secretary's difficulties and do not wish to engage in semantics; but

---

2. We can think of types of labor and of particular individuals who have and customarily exercise extreme mobility.

where does "generally in the economy" converge upon "within the claimant's community?" Every type of labor—and every individual laborer—has a practical mobility, a market in which this type of labor and this particular individual may realistically be expected to offer his services, and we think the Secretary should be required to show that types of work within the background and residual capacities of the claimant exist within this area. The relevant geographic area depends on the circumstances of the particular case.

Here the area is limited as a practical matter because of the residual and indeed the original capacities of the claimant. We think the court recognized this. Its remarks with respect to Giles County and home community were only a shorthand way of saying that if as a practical matter work was not available to this particular individual within a reasonably accessible labor market, then the record could not support the administrative finding that work was available to him in the general economy. On this interpretation we uphold the judgment.

We have, however, independently examined the record and have serious doubts that it supports a finding that the claimant's residual capacities, considered in the light of his age and background experience, left him with the ability to engage in even sedentary or semisedentary activity. On this record one is left with the clear impression that the Examiner and the Council failed properly to evaluate the cumulative effect of the total impairments from which the claimant suffered. The drop in weight from 165 to 110 pounds, his chronic emphysema and fibrosis of the lungs, the uncontradicted testimony of severe shortness of breath, and the opinions of the treating physicians that he was incapacitated to do any work, were not effectively answered by clinical findings which attempted to measure quantitatively the degree of impairment in the face of this uncontradicted testimony. Opinions limited to particular limbs or organs of the claimant are of little value, if unrelated to the entire man. Each man must be considered as a whole; employers do not hire merely a pair of hands or a pair of feet.

The appellant seizes upon the district court's concession that the claimant can do some sedentary work, but totally ignores the qualifications expressed by the court. The only reasonable interpretation of the court's finding is that while there is some residual capacity, the record fails to show that Wimmer is able as a practical matter to engage in substantial gainful employment in any reasonably available work market. In that view the claimant is entitled to recovery.

The judgment is
Affirmed.