Alice V. BRAGG, Petitioner,

v.

Elliot RICHARDSON, Secretary, Health, Education & Welfare, Defendant.

Civ. A. No. 70-C-23-A.

United States District Court,
W. D. Virginia,
Abingdon Division.

Sept. 11, 1970.

D. H. Frackelton, Widener & Frackelton, Bristol, Va., for petitioner.

Leigh B. Hanes, Jr., U. S. Atty., Roanoke, Va., for defendant.

OPINION and JUDGMENT

DALTON, Chief Judge.

In this case the plaintiff is seeking to reverse a final decision of the Secretary of Health, Education and Welfare denying her application for government disability benefits.

The plaintiff alleges that her disability dates from May 3, 1968, when she fell a number of times at work due to a numbness in the right foot. On that date and for fifteen years previously she had worked as a medical secretary and technician. She had been suffering from these spells for some time but they became increasingly frequent. She went

to see Dr. Bachman, an orthopaedic surgeon, who placed her in the hospital and had some tests made on her. These tests were essentially negative. Dr. Bachman then referred her to Dr. Meacham, a neurological surgeon, who could find no organic origins of her troubles and concluded that they were psychosomatic results of her heavy work duties. He suggested that absence from work would improve her condition.

On the other hand, Dr. Bachman, in a letter dated October 1, 1968, expressed the opinion that plaintiff might be heading for a stroke and said, "there is no possibility that this woman can do any kind of work insofar as gainful employment is concerned." In a follow-up report dated May 5, 1969, Dr. Bachman said that she had generally not changed at all from her previous examination and stated that in his opinion she was "still totally disabled." After her application was initially denied, the claimant employed counsel who sent her to see Dr. Gordon Blackford, a psychiatrist. His report included the following:

> My diagnostic impression is that Mrs. Bragg is suffering from a Psychoneurotic Reaction, Conversion Type (astasia abasia) of some chronicity, but of uncertain severity. I feel that ageing and living alone has (sic) exacerbated her neurosis. Also, I feel that the condition would not be alleviated by psychotherapy.

The hearing examiner found that the applicant's emotional problem was the cause of her physical ailment. He found that she did have a "psychoneurotic conversion reaction, no more than moderately severe" but that this condition did not preclude her from engaging in some kind of sedentary clerical work. He further was of the feeling that such condition could be improved by psychotherapy.

■■ To be entitled to receive disability payments the plaintiff must meet the statutory definition of disability:

* * * inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months;

42 U.S.C. § 423(d) (1) (A).

This court cannot reverse the findings of the hearing examiner if they are supported by substantial evidence. 42 U.S. C. § 405(g). See generally Flack v. Cohen, 413 F.2d 278 (4th Cir. 1969). Therefore, the plaintiff must prove three essential elements: the fact of impairment, the fact that the impairment has existed or can be expected to exist a continuous period of not less than twelve months, and the fact of inability to engage in any substantial gainful activity. That is, she must show that any contrary findings of the hearing examiner are not supported by substantial evidence.

The hearing examiner admitted that there was an impairment but found that it was not of sufficient severity to preclude her from engaging in substantial gainful activity. His conclusion was that she was capable of engaging in clerical work which did not require mobile activity. Conversely, her treating physician has said that she is unable to undertake any gainful work.

■ It is settled that the average man test is not appropriate in considering claims for disability payments. The proper inquiry is whether job opportunities exist for a person with the claimant's particular disabilities and limitations. Gardner v. Earnest, 371 F.2d 606 (4th Cir. 1967). "(A) denial of disability benefits to a claimant on the basis that * * * he is still capable of engaging in some gainful activity must be supported by findings both as to the particular work the claimant is still capable of performing and the availability of these employment opportunities to him in or near the area in which he resides." Wimmer v. Celebrezze, 355 F.2d 289 (4th Cir. 1966).

■ The hearing examiner has found that the claimant is not precluded from

engaging in sedentary clerical work. No doubt some types of clerical work are readily available in the claimant's community, but the court is not so certain as to the availability of jobs which do not require the worker to get up and go from one place to another a significant number of times during the day. This doubt is especially pronounced as to any job working for a doctor, which is the field in which the plaintiff is trained. The availability of such opportunities for a woman who hobbles around with a cane and who was 62 (now 64) years old at the alleged time of the impairment is a grave doubt in this court's mind. It doesn't seem likely that an employer would be likely to give a job to and train a woman of the claimant's age and with her impairment. The finding that the claimant could engage in such work is a conclusion and is not supported by any evidence, substantial or otherwise, as to the availability of such opportunities.

The hearing examiner presumably based his belief that the claimant's condition could be improved on the diagnosis made by Dr. Meacham, who examined her soon after the occurrence of her impairment. He could find no organic defects and expressed his belief that absence from her job and getting some rest would alleviate her condition. This diagnosis seems to have been a reasonable one at the time it was made but almost a year later Dr. Bachman stated that her condition had generally not changed at all since her previous examination. It appears that her impairment has not lessened although she has remained away from any work. Although the examiner accepted Dr. Blackford's diagnosis of a "psychoneurotic conversion reaction," he rejected the latter's statement that the claimant's condition would not be alleviated by psychotherapy. The examiner's conclusion that her condition would be helped by psychotherapy is not supported by the opinion of any psychiatrist even though the cause of her trouble was admitted to be an emotional or mental problem. Therefore, this court does not believe that this conclusion is supported by substantial evidence.

It is the opinion of the court that the Secretary's final decision denying disability benefits to the claimant is not supported by substantial evidence. It is therefore adjudged and ordered that summary judgment for the plaintiff should be and hereby is granted.