**John W. GARDNER, Secretary of Health, Education, and Welfare, Appellant,**

v.

**Roscoe W. STEWART, Appellee.**

**No. 10346.**

United States Court of Appeals
Fourth Circuit.

Argued May 4, 1966.

Decided May 30, 1966.

Howard J. Kashner, Atty., Dept. of Justice (John W. Douglas, Asst. Atty. Gen., Kathryn H. Baldwin, Atty., Dept. of Justice, and Milton J. Ferguson, U. S. Atty., on brief), for appellant.

E. Carl Meadows, Jr., Beckley, W. Va. (Clay S. Crouse, Beckley, W. Va., on brief), for appellee.

Before BOREMAN, BRYAN and J. SPENCER BELL, Circuit Judges.

J. SPENCER BELL, Circuit Judge:

■ This is an appeal by the Secretary from an order of the district court which reversed the Secretary's decision and granted the claimant disability bene-

fits. The original findings of the Secretary concluded that the claimant was not capable of returning to his former occupation in the coal mines. However, the Secretary, referring to the Dictionary of Occupational Titles, found that the claimant had not established impairments of such severity as to preclude him from engaging in substantial gainful employment. On review the district court found a lack of substantial evidence to support the finding that the claimant could engage in other gainful employment. Merely citing catalogues which list capsule descriptions of thousands of jobs available to prospective employees is not sufficient. Ray v. Celebrezze, 340 F.2d 556 (4 Cir. 1965). On remand to the Secretary, additional evidence at the hearing level was presented. Dr. Charles Auvenshine, an expert vocational witness [1], testified as to eleven jobs listed in the Dictionary of Occupational Titles which the claimant was capable of performing.[2] Concerning the existence of these jobs he testified as follows:

"Q. Dr. Auvenshine, do you know anything about the industrial activity in Wyoming County, West Virginia, or any of the surrounding counties as to whether there are any of these jobs existing in that area?

"A. Only of a general nature, in a general sort of way by reference to what I know of Appalachia generally here, and essentially none of these jobs exist in Wyoming County.

"Q. Do you know where such jobs could be found?

"A. Typically such jobs as these would be found in larger cities and some of these would be within, say a hundred miles radius of the home of the claimant in such cities as Charleston, Huntington, Bluefield, Beckley.

We would expect to find a goodly number of these represented in these areas, in these cities of this size.

"Q. You don't know of any such jobs in Welsh, do you?

"A. No.

"Q. Do you know of any sedentary jobs that are found within the vicinity of the claimant's home, Wyoming County?

"A. Any sedentary jobs? No, I do not. It would be my impression that they would be even scarcer than the light jobs in this geographical area."

██ We think that the district judge was correct in reversing the Secretary's decision. The Secretary has not met his burden of coming forward with evidence that the work which the claimant is capable of performing exists within the geographic area in which he can reasonably be expected to market his labor. Wimmer v. Celebrezze, 355 F.2d 289, 293–294 (4 Cir. 1966); Massey v. Celebrezze, 345 F.2d 146 (6 Cir. 1965); Celebrezze v. Kelly, 331 F.2d 981 (5 Cir. 1964). The only definite evidence as to the existence of suitable jobs was that they do *not* exist in the claimant's home city or county. Though the relevant geographic market varies for each individual case, the claimant's home county, or parts of it, is certainly included. There is no other direct evidence as to existence of jobs. The expert witness did not purport to testify to actual knowledge of the economy of the area. He testified that jobs would "typically" exist and that he would "expect" to find them within a radius of 100 miles. This is little more than asking the expert to read the Dictionary of Occupational Titles aloud into the record. The Secretary has not met his burden.

The decision of the district court is Affirmed.

---

1. But see the disparagement of this witness in Miracle v. Celebrezze, 351 F.2d 361, 381 (6 Cir. 1965).

2. 1. Adjuster in a metal furniture factory
   2. Case setter
   3. Chocking Machine operator
   4. Composition molder
   5. Lock man
   6. Oven checker
   7. Ripper
   8. Hand sewer
   9. Hand shaper
   10. Metal table assembler
   11. Veneer redryer.