**Vernon FIELDS, Appellant,**

v.

**John W. GARDNER, Secretary of Health, Education, and Welfare, Appellee.**

**No. 11118.**

United States Court of Appeals
Fourth Circuit.

Argued May 3, 1967.

Decided May 29, 1967.

———◆———

James H. Coleman, Charleston, W. Va. (Marshall G. West, Charleston, W. Va., and Coleman, Jeter & West, Charleston, W. Va., on brief), for appellant.

Charles M. Love, III, Asst. U. S. Atty. (Milton J. Ferguson, U. S. Atty., and

W. Warren Upton, Asst. U. S. Atty., on brief), for appellee.

Before HAYNSWORTH, Chief Judge, and WINTER and CRAVEN, Circuit Judges.

**PER CURIAM:**

This is an appeal by claimant Fields from administrative denial of disability benefits under the Social Security Act, which denial was affirmed by the district judge.

Fields, a forty-five-year-old disabled mine worker, began his work career at the age of sixteen, having completed only seven years of school. For awhile he worked on a farm, at a sand quarry, and cut mine posts. Except for this activity, and Army service (some of which was spent as a ward boy in a hospital), his *entire* working life has been spent as a coal miner—loading coal by hand, operating a cutting machine, shooting and buggying coal. For a very brief period—between mine jobs—he worked for a well driller, sharpening and changing bits on the drilling rig.

The Government commendably concedes that Fields is unable to do heavy labor.[1] But the Government insists that he has sufficient "residual capacity to engage in a light or sedentary work such as: tool sharpener; bakery truck driver; taxi cab driver; milk truck driver; light delivery truck driver; tractor, electric crane, hoisting machine, loading machine, buffing machine or sanding machine operator; machine cleaner; auto inspector or laundry checker."

Where the Secretary finds a claimant is unable to return to his former job—in this case, mine worker—but still has residual capacity to work, "The Secretary must take evidence and make specific findings based upon the particular claimant's ability, education, background and experience as to what, if any, kind of work he or she can perform and that employment opportunities of this nature are

---

[1]. We take this concession to mean that Fields cannot return to his former employment as a miner. We are thus re- lieved of the necessity of reviewing the extensive medical evidence of disability.

available." Ray v. Celebrezze, 340 F.2d 556, 559 (4th Cir. 1965).

With respect to claimant Fields, the Hearing Examiner was content to find that the jobs which he found Fields capable of doing exist "in the economy in the vicinity of Charleston, West Virginia." Charleston is about 79 miles from plaintiff's home.

Speaking of Fields' home county, the vocational expert, Dr. Canady, testified in part as follows:

> "It is not an industrial county. I think the main industries there are mining and timbering are the only two. And the county offers very few employment opportunities, alternatives. *You either mine coal or you work in the sawmills or you don't work at all."*
>
> "* * * and *many* of these jobs he is capable of doing do *not* exist in the county in which he resides.[2] There are pockets of unemployment. In other words, he lives in one of the areas of the state where there is hard-core unemployment and it's one of the highest of the state, Nicholas County. So he would have to go to some area like—some metropolitan center like Charleston, Huntington, Wheeling; but, as aforesaid, Charleston is 79 miles from his home." (Emphasis added.)

We think that a person with the admitted disabilities of this claimant, having only a seventh-grade education, and being now forty-five years of age, cannot be required, as a practical matter, to offer his *residual* work capacity in a labor market 79 miles from his home. See Boyd v. Gardner, 377 F.2d 718 (4th Cir. 1967); Gardner v. Earnest, 371 F.2d 606 (4th Cir. 1967); Davidson v. Gardner, 370 F.2d 803, 827 (6th Cir. 1966); Cooke v. Celebrezze, 365 F.2d 425 (4th Cir. 1966); Wimmer v. Celebrezze, 355 F.2d 289, 293–294 (4th Cir. 1966); Massey v. Celebrezze, 345 F.2d 146 (6th Cir. 1965); Cyrus v. Celebrezze, 341 F.2d 192 (4th Cir. 1965); Celebrezze v. Kelly, 331 F.2d 981 (5th Cir. 1964).

As the late Judge J. Spencer Bell of this circuit said in Gardner v. Stewart, 361 F.2d 827, 828 (4th Cir. 1966), "[t]he Secretary has not met his burden of coming forward with evidence that the work which the claimant is capable of performing exists within the geographic area in which he can reasonably be expected to market his labor. The only definite evidence as to the existence of suitable jobs was that they do *not* exist in the claimant's home city or county." (Citations omitted.)

So it is here.

Reversed.

---

2. It was not shown that *any* existed nearer than 79 miles from claimant's home.