**Arelevia R. HARRIS, Appellee,**

**v.**

**Elliott L. RICHARDSON, Secretary of Health, Education and Welfare, Appellant.**

**No. 15104.**

United States Court of Appeals, Fourth Circuit.

Argued April 7, 1971.

Decided Oct. 26, 1971.

Anthony J. Steinmeyer, Atty., Department of Justice (Carl Eardley, Acting Asst. Atty. Gen., Kathryn H. Baldwin, Atty., Department of Justice, and Joseph O. Rogers, Jr., U. S. Atty., on the brief), for appellant.

D. Glenn Yarborough, Lancaster, S. C., for appellee.

Before HAYNSWORTH, Chief Judge, and BOREMAN and BRYAN, Circuit Judges.

ALBERT V. BRYAN, Circuit Judge:

Claiming total disability to engage in substantial gainful employment since the age of thirty-nine, Arelevia R. Harris applied in May 1965 to the Social Security Administration for disability benefits pursuant to 42 U.S.C. § 423. She claimed payments accruing from December 1948, the date on which she alleges her thyroid, heart and kidney disorders and high blood pressure became totally disabling. Her application was denied by the Administration, initially and on reconsideration. Following a hearing and consideration de novo by an examiner, her request was again refused.

The hearing examiner found that prior to the expiration of her insured status in September 1953, the applicant was afflicted with cystitis, hemorrhoids and hypertension. He concluded, however, that these impairments did not render her disabled and found as fact that she quit work in 1948 to care for a grandchild, not because she was physically incapacitated.

Pursuant to 42 U.S.C. § 405(g), claimant sought judicial review of this administrative ruling in the United States District Court for the District of South Carolina. Upon motion of the Government for summary judgment, the Court affirmed the denial of benefits. A subsequent motion by claimant to reopen the proceeding for receiving additional medical evidence was granted by the Court, and the case thereby remanded to the Social Security Administration. Upon consideration of the new evidence, her claim was again administratively rejected. However, on appeal from this ruling to the District Court, the benefits were granted.

In reaching this decision, the District Court reviewed the record to determine whether substantial evidence supported the Secretary's determination that Arelevia Harris was not disabled while in

an insured status. The Court agreed that the evidence revealed the existence of medically determinable impairments during the relevant period. It parted from the Secretary's finding, however, as to the effect of the afflictions, and concluded that there was no substantial evidence that these impairments had not been disabling during the insured period. Accordingly, the Secretary was reversed and benefits awarded.

■ ■ In this posture, the case has been appealed by the Government. We find no fault in the framework within which the District Court analyzed the claim. It properly followed the two-step process of review outlined in our decision in Thomas v. Celebrezze, 331 F.2d 541, 545 (4 Cir. 1964). The Court reviewed the record to determine the existence of first, a medically determinable physical or mental impairment, and second, an inability to engage in substantial gainful employment caused by that impairment. In scrutinizing the record, the Court properly invoked the substantial evidence test, recognizing that its proceedings are not de novo, and that if substantial evidence supports the Secretary's determination, it must be affirmed. Id. at 543.

■ We do find error, however, in the Court's assessment of the substantiality of particular evidence in the record as to the second issue, whether the medical impairments disabled claimant. Relying on prior decisions of this court, but overlooking the subsequent 1967 amendments to the Social Security Act, the District Court accorded no weight to the evidence of claimant's temporary return to work in 1964 and to the testimony of the vocational expert. Further, in declining to accord significance to the testimony of a medical advisor, the Court relied on a Fifth Circuit opinion which has been reversed subsequently by the Supreme Court.

I. The record reveals that claimant worked for approximately five months commencing in January 1964, that is, she engaged in employment after the on-set of her alleged disabling medical impairments. The District Court concluded that the Secretary erroneously relied on this fact as evidence of no disability. Leftwich v. Gardner, 377 F.2d 287 (4 Cir. 1967), was cited by the Court for authority that this evidence is not an obstacle in the path of a claimant. There, this court held that eligibility for benefits depends on *inability* to engage in substantial gainful activity. If medical evidence establishes that a claimant is totally and permanently disabled, we held him entitled to benefits despite the fact that he is gainfully employed. This interpretation was, however, expressly overruled by the 1967 amendments. Congress intended by these amendments to provide that

> "an individual who does substantial gainful work despite an impairment or impairments that otherwise might be considered disabling is not disabled for purposes of establishing a period of disability or for social security benefits based on disability during any period in which such work is performed. The * * * bill, therefore, specifically provides that where the work or earnings of an impaired individual demonstrate ability to engage in substantial gainful activity * * *, the individual is not disabled within the meaning of Title II of the Social Security Act." 1967 U.S. Code Cong. and Admin.News, p. 2883.

Pursuant to this purpose, 42 U.S.C. § 423(d)(4) provides that

> "The Secretary shall by regulations prescribe the criteria for determining when services performed or earnings derived from services demonstrate an individual's ability to engage in substantial gainful activity. * * * [A]n individual whose services or earnings meet such criteria shall * * * be found not to be disabled."

The regulations have been promulgated and are set out starting at 20 C.F.R. § 404.1532. The significance to be accorded the evidence of claimant's temporary return to work in 1964, admittedly

after the expiration of her insured status, must therefore be reassessed.

II. The District Court also accorded slight significance to the testimony of a vocational expert because he rendered an opinion as to the types of jobs which claimant may have been able to perform without reference to whether such positions were available in claimant's locale and whether, if available, an employer would reasonably offer such a position to one with claimant's medical impairments. In so discounting the significance of the vocational expert's testimony, the Court cited Gardner v. Earnest, 371 F.2d 606 (4 Cir. 1967), which is unambiguous precedent. However, the rule of that case was subsequently modified by the 1967 amendments. The statute now provides:

> "an individual * * * shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, *regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.* * * * '[W]ork which exists in the national economy' means work which exists in significant numbers either in the region where such individual lives or in several regions of the country." 42 U.S.C. § 423(d) (2) (A). [Emphasis added.]

Accordingly, the weight to be accorded the vocational expert's testimony must be re-evaluated in light of the amended statute.

III. The District Court also held that the testimony of the medical advisor is not substantial evidence. The decision in Cohen v. Perales, 412 F.2d 44 (5 Cir. 1969), was cited in support of the proposition that the testimony of medical advisors is hearsay, and unless corroborated cannot constitute substantial evidence. In general, the District Court criticized the role of medical advisors especially those who, as in the instant case, have neither examined nor seen the claimant prior to the hearing.

Subsequent to the lower court ruling on the Harris claim, the Supreme Court reversed the Fifth Circuit, sub nom. Richardson v. Perales, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). The Court there spoke in approving terms of the contributions of expert medical advisors to the administrative resolution of claims. Hence, the weight to be accorded the testimony of the medical advisor must be re-examined.

Accordingly, we reverse and remand to the District Court for re-evaluation of the substantiality of the evidence in this record.

Reversed and remanded.