Joseph W. DOYLE, Plaintiff-Appellee,

v.

Elliot L. RICHARDSON, Secretary of Health, Education and Welfare, Defendant-Appellant.

No. 31104.

United States Court of Appeals, Fifth Circuit.

April 18, 1972.

Seagal V. Wheatley, U. S. Atty., San Antonio, Tex., Kathryn H. Baldwin, Alexander P. Humphrey, Attys., Dept. of Justice, Washington, D. C., Thomas J. Press, Dept. of Justice, Washington, D. C., L. Patrick Gray, III, Asst. Atty. Gen., for defendant-appellant; Paul Merlin, Office of the General Counsel, Social Security Administration, Baltimore, Md., of counsel.

Lonnie Duke, Rivera & Ritter, San Antonio, Tex., for plaintiff-appellee.

Before WISDOM, COLEMAN and SIMPSON, Circuit Judges.

PER CURIAM:

Joseph W. Doyle challenges the constitutional validity of the procedures utilized by the Department of Health, Education, and Welfare in terminating his disability benefits. *See* 42 U.S.C. §§ 416(i) (2) (D), 421(a), and 423(a) (1) (D). *See also* 42 U.S.C. § 425. The Secretary, acting on the basis of a determination by a Texas state agency that Doyle's entitlement to disability benefits had terminated, discontinued Doyle's disability benefits without a prior hearing. This action was affirmed by an examiner after a hearing and became the final action of the Secretary when the Appeals Council declined to review the examiner's decision. The district court, without reaching the question whether substantial evidence supported the Secretary's determination, held, on the basis of Goldberg v. Kelly, 1970, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287, that the Secretary's action in terminating disability benefits without a prior hearing denied Doyle his due process rights. The district court also ruled that the post-termination hearing did not correct the Secretary's act. The court ordered the Secretary to pay all accumulated benefits and to reinstate Doyle's benefits until "a proper evidentiary hearing" was held. The Government appealed.

On February 24, 1972, the Supreme Court decided Richardson v. Wright, 405 U.S. 208, 92 S.Ct. 788, 31 L.Ed.2d 151. The Court had noted probable jurisdiction to "consider the applicability of Goldberg v. Kelly . . . to the suspension and termination of disability

benefit payments." Prior to oral argument, the Court was advised that "the Secretary had adopted new regulations, effective December 27, 1971, governing the procedure to be followed by the Social Security Administration in determining whether to suspend or terminate disability benefits." The new procedures include a provision for notice prior to a proposed suspension or termination, a requirement that the Secretary give reasons for the proposed action, and an opportunity for the claimant to submit evidence. The Supreme Court, over the dissents of Justices Douglas, Brennan, and Marshall, vacated the decision of the court below and remanded the case stating:

> In light of that development [the promulgation of new regulations], we believe that the appropriate course is to withhold judicial action pending reprocessing, under the new regulations, of the determinations here in dispute. If that process results in a determination that Mr. Wright is entitled to disability benefits, there will be no need to consider his constitutional claim that he is entitled to an opportunity to make an *oral* presentation. In the context of a comprehensive complex administrative program, the administrative process must have a reasonable opportunity to evolve procedures to meet needs as they arise. Accordingly, we vacate the judgment of the District Court . . . with direction to that court to remand the case to the Secretary and to retain jurisdiction for such further proceedings, if any, as may be necessary upon completion of the administrative procedure.

In light of the procedure followed by the Supreme Court in *Wright*, we are constrained to remand this case to the district court with directions to remand the case to the Secretary for reprocessing under the new regulations. The district court should retain jurisdiction of the case for such further proceedings, if any, as may be necessary after the completion of the administrative procedure.

We do not decide the issues raised by Doyle's appeal, nor do we, by our disposition of this appeal, indicate advance approval of the procedures to be followed under the new regulations.

Vacated and remanded.