**Ray O. HEDGE, Plaintiff-Appellee,**

v.

**Elliot L. RICHARDSON, Secretary of Health, Education and Welfare, Defendant-Appellant.**

**No. 71–1497.**

United States Court of Appeals, Tenth Circuit.

May 10, 1972.

James C. Hair, Jr., Department of Justice, Washington, D. C. (L. Patrick Gray, III, Asst. Atty. Gen., William R. Burkett, U. S. Atty., and Kathryn H. Baldwin, Department of Justice, Washington, D. C., on the briefs), for defendant-appellant.

Kenneth W. Turner, Oklahoma City, Okl. (Carroll E. Gregg, Oklahoma City, Okl., on the briefs), for plaintiff-appellee.

Before LEWIS, Chief Judge, and PICKETT and McWILLIAMS, Circuit Judges.

PICKETT, Circuit Judge.

Appellee Hedge filed an application with the Social Security Administration in April of 1969 to establish a period of disability and for disability insurance benefits pursuant to the Social Security Act, 42 U.S.C. §§ 416(i) and 423. He sought benefits accruing from December of 1965, the date on which he alleges he became disabled as a result of a leg injury. His claim was denied after a hearing in July of 1970 and this determination became the final decision of the Secretary of Health, Education and Welfare. This action was brought in the United States District Court for the Western District of Oklahoma to review the Secretary's decision. The district court reversed and allowed the claim. The Secretary appeals.

The hearing examiner found, and the evidence is uncontroverted, that the claimant suffers from a severe impediment to his left leg which is the result of a leg injury sustained in 1945 while he was serving in the United States Navy.[1] The impediment, which was diagnosed as thrombophlebitis, progressively worsened, necessitating repeated hospitalization and finally requiring him to completely discontinue work in March of 1969. The Secretary, however, concluded that Hedge was not "disabled" as that term is defined in the Social Security Act because he had, despite his impairment, engaged in a substantial gainful activity during the period of his alleged disability.[2]

Hedge testified at the hearing that subsequent to his naval discharge he worked as a barber and watchmaker and that he last worked from December of 1965 to March 1969 on a civil service job as an instrument repairman at Tinker Air Force Base in Oklahoma City, Oklahoma. He further testified that he was initially rejected for the position but due to a shortage of trained personnel, he was later hired after he signed a waiver of his disability. It was his contention then, and it is now, that if in fact he was medically totally disabled, the Secretary cannot deny disability benefits on the sole basis that his earnings exceeded the standards set by the Secretary for determining "substantial gainful activity." In reversing the Secretary, the trial court accepted this argument, stating: "The mere fact that a person works while he is disabled does not prevent him from being a disabled person under the Social Security Act."

■ 42 U.S.C. § 423(d) (1) (A), for the purposes of the Social Security Act, defines disability as:

"[I]nability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. . . ."

To establish a disability it must be shown that a medically determinable mental or physical impairment exists and that the impairment is such as to

---

1. As a result of this injury Hedge was given a 10% disability rating by the Veterans Administration, and this rating was increased in 1962 to 30%, and in March of 1969 to 100%.

2. It is conceded that Hedge's earnings during the period in question exceeded the amount fixed by regulation which demonstrated an ability to engage in a gainful activity.

prevent one from engaging in any substantial gainful activity. Alexander v. Richardson, 451 F.2d 1185 (10th Cir. 1971).

42 U.S.C. § 423(d) (4), a 1967 amendment to the Social Security Act, provides:

"The Secretary shall by regulations prescribe the criteria for determining when services performed or earnings derived from services demonstrate an individual's ability to engage in substantial gainful activity."

An applicable regulation was promulgated pursuant to the authority granted, which provided:

"An individual's earnings from work activities averaging in excess of $140 a month shall be deemed to demonstrate his ability to engage in substantial gainful activity unless there is affirmative evidence that such work activities themselves establish that the individual does not have the ability to engage in substantial gainful activity. . . ." 20 C.F.R. § 404.-1534(b).

The district court relied on Leftwich v. Gardner, 377 F.2d 287 (4th Cir. 1967), and Hanes v. Celebrezze, 337 F.2d 209 (4th Cir. 1964), as authority for its holding that earnings are not the controlling factor in determining disability if an applicant is in fact medically and physically disabled.[3]

One of the purposes of the 1967 amendments was to overcome the effect of decisions like *Hanes* and *Leftwich,* and to give the Secretary definite statutory authority to specifically provide the amount of earnings which will amount to substantial gainful activity within the meaning of the Act.[4] After the 1967 amendments, the Fourth Circuit recognized that its decisions in *Leftwich* and *Hanes* had been effectively overruled. Wilson v. Richardson, 455 F.2d 304 (4th Cir. 1972); Harris v. Richardson, 450 F.2d 1099 (4th Cir. 1971).

Judicial review under Section 205(g) of the Act, 42 U.S.C. § 405(g), is limited to an inquiry of whether there is substantial evidence on the record as a whole to support the findings of the Secretary. Lewis v. Gardner, 396 F.2d 436 (6th Cir. 1968). It is agreed that Hedge was employed during the period in which he seeks disability benefits and was earning from that employment more than $140 per month on the average, therefore demonstrating his ability to engage in "substantial gainful activity." This is sufficient to sustain the Secre-

---

3. The Fourth Circuit test, as stated in the Leftwich case, is:

"[N]ot whether Leftwich by willpower can stay on his feet yet another day—but whether objectively and in the totality of circumstances, including especially his afflictions, he is disabled within the meaning of the Social Security Act. Substantial medical evidence establishes that claimant was totally and permanently disabled. In spite of such disablement, he chose to work every day to support his family. The statute defines disability as an 'inability to engage in any substantial gainful activity.' In this case, the emphasis properly is on *inability.* We think the Congress did not intend to exclude from the benefits of the Act those disabled persons who because of character and a sense of responsibility for their dependents are most deserving."

4. In the Senate Report recommending the enactment of Section 423(d) (4), it was said:

"The committee also believes it is necessary to reaffirm that an individual who does substantial gainful work despite an impairment or impairments that otherwise might be considered disabling is not disabled for purposes of establishing a period of disability or for social security benefits based on disability during any period in which such work is performed. The language in the . . . bill, therefore, specifically provides that where the work or earnings of an impaired individual demonstrate ability to engage in substantial gainful activity under criteria prescribed by the Secretary, the individual is not disabled within the meaning of title II of the Social Security Act." U.S.Code, Cong. and Admin.News, 90th Cong., 1st Sess., p. 2883 (1967).

tary's denial of disability benefits.[5] Wilson v. Richardson, 455 F.2d 304 (4th Cir. 1972); Harris v. Richardson, 450 F.2d 1099 (4th Cir. 1971); Price v. Richardson, 443 F.2d 347 (5th Cir. 1971); Kutchman v. Cohen, 425 F.2d 20 (7th Cir. 1970). Nor does the "unless" provision of the applicable regulation quoted above aid the applicant. This provision reads, "unless there is affirmative evidence that such work activities themselves establish that the individual does not have the ability to engage in substantial gainful activity." 20 C.F.R. § 404.1534(b). With reference to the evidence as it relates to this provision, the Secretary's decision stated:

> "Thus, the fact that the claimant was retained by his employer from December, 1965, to March, 1969, is indicative of the fact that the duties performed by the claimant were of a satisfactory nature to his employer. The evidence of record establishes that the time spent in work activities by the claimant was comparable to that spent by individuals without impairment in similar work activities as a regular means of livelihood. The record also establishes that the claimant's earnings were in excess of $140.00 per month, which is a substantial gainful activity level prescribed by the regulations of the Social Security Administration. Therefore, it must be determined that the claimant was engaged in substantial gainful activity at the time his earnings requirements were last met, which was June 30, 1967, and for some two-year period subsequent thereto. Thus, a period of disability has not been established by the evidence of record to have existed as of June 30, 1967, or prior thereto."

Hedge's physical impairment was a handicap to him in the performance of his work, and it was often necessary for his fellow employees to assist him, but he was far from being helpless. The purpose of the "unless" clause is not clear, but in this case there is no affirmative evidence that Hedge's work activities established that he did not have ability to engage in substantial gainful activity.

Reversed and remanded with instructions to affirm the Secretary's decision.

5. There was evidence that when on the job, Hedge worked 8 hours a day, 5 days per week, and his earnings ranged from $5,000 to $6,000 a year.