**Harold F. CRITES, Plaintiff,**

v.

**Caspar WEINBERGER, Secretary of Health, Education, and Welfare, Defendant.**

**Civ. A. No. 5–1126.**

United States District Court,
N. D. Texas,
Lubbock Division.

Oct. 8, 1973.

Ralph Brock, Brock, Waters & Galey, Lubbock, Tex., for plaintiff.

John M. Stokes, Jr., Dallas, Tex., Frank D. McCown, U. S. Atty., Fort Worth, Tex., Robert B. Wilson, Asst. U. S. Atty., Lubbock, Tex., for defendant.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

WOODWARD, District Judge.

This case involves a petition filed by plaintiff for review of a final decision of the defendant Secretary of Health, Education and Welfare. In this decision, the Secretary found first that plaintiff was not under a disability as that term is defined in §§ 216 and 223 of the Social Security Act, and second, that prior payments made to plaintiff pursuant to an October, 1969 finding of disability constituted non-waivable overpayments under § 204 of the Act. Plaintiff has alleged as grounds for setting aside the decision that the redetermination was invalid because of the defendant's failure to notify plaintiff of the impending reconsideration of his claim, that the defendant's failure to provide plaintiff the opportunity for an evidentiary hearing prior to termination of his benefits was a denial of due process of law, that defendant's decision with respect to plaintiff's ability to engage in "substantial gainful activity" was not supported by substantial evidence and that defendant's determination that the overpayments previously made to plaintiff were not waivable because plaintiff was "not without fault" was likewise not supported by substantial evidence. The defendant has moved to dismiss under section 205(g) of the Social Security Act.

The court, for the following reasons, finds that the plaintiff's contentions are insufficient to permit reversal and that the `Secretary's decision must be af-

firmed as required in § 205(g) of the Social Security Act because it is supported by substantial evidence:

■■ 1.) Plaintiff contends that the Social Security Regulations, specifically 20 C.F.R. § 404.958, require that notice must be given to claimants before their cases may be reopened for review. Section 404.957 of the Regulations provides in essence that, upon a finding of good cause, the Secretary may reopen an initial determination. Section 958 states in pertinent part that " 'Good cause' shall be deemed to exist where: (a) New and material evidence is furnished *after notice* to the party to the initial determination . . ." (Emphasis added). The court is of the opinion that a reasonable interpretation of this language compels rejection of the plaintiff's position. The plain meaning of this clause is that a claim may be reopened when new and material evidence is discovered after the claimant has already been notified as to the initial determination of his claim. The usage of the word "notice" in Section 958 cannot reasonably be construed to require notice to the claimant before the reopening of his claim.

2.) Plaintiff contends that the failure of the defendant to provide opportunity for an evidentiary hearing before the termination of his benefits constitutes a denial of due process under the landmark decision of Goldberg v. Kelly, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970). This precise question has been the subject of intense litigation since the promulgation of *Goldberg*. The issue has, however, been mooted as far as the instant case is concerned by the Supreme Court in Richardson v. Wright, 405 U.S. 208, 92 S.Ct. 788, 31 L.Ed.2d 151 (1972). In that case, the Court declined to reach the constitutional issues because the Social Security Administration had adopted curative termination procedures effective on December 27, 1971, which date was immediately prior to oral argument of the case. This development led the Court to remand the case to the Secretary for redetermination according to the new procedures. The Fifth Circuit adopted the Supreme Court's approach in Doyle v. Richardson, 458 F.2d 987 (5th Cir. 1972).

■ The decision to terminate plaintiff Crites' disability benefits was reached on December 6, 1971, some three weeks prior to institution of the new procedures. Thus, the decisions cited above would seem to require a remand of the case to the Secretary for further administrative treatment pursuant to the new regulations. However, plaintiff herein did receive an oral evidentiary hearing on May 23, 1972. As a result of that hearing, the Secretary affirmed the decision that plaintiff was not disabled and that the disability payments already received would have to be refunded. Considerations of judicial and administrative economy, as well as common logic, compel this court to reject the avenue of remanding the case to the Secretary for a further hearing. The May, 1972 hearing, albeit late, satisfied the demands of due process. It would be altogether ludicrous to require the Social Security Administration to reinstate plaintiff's benefits from January 1, 1972 until such time as the previous hearing can be duplicated.

This court's approach is identical to that of a California District Court which, when faced with the same problem, stated that:

Even if the initial termination of benefits was invalid, had plaintiff immediately challenged the termination in court he would have only been entitled to an immediate, constitutionally valid new hearing. See Richardson v. Wright, *supra*. Here, by instead pursuing his administrative remedies, plaintiff has now obtained a full and fair hearing that resulted in a *de novo* determination that his disability ended on October 6, 1969. Thus, he has received—albeit belatedly—a lawful determination that he is entitled to no further benefits. The court, therefore, cannot now order that he be paid benefits after that date.

Dalen v. Richardson, No. C–71–2277–AJE (N.D.Calif. Jan. 11, 1973). The court's logic is highly persuasive and obviously applicable to. the case at bar. Further, tacit approval of this approach by the Fifth Circuit may be inferred from their *per curiam* affirmance in Mayfield v. Weinberger, 477 F.2d 594 (5th Cir. 1973). In that case, the government argued on appeal that the constitutional issue had been mooted since plaintiff had received a full hearing prior to the filing of his petition for review, although subsequent to the termination of benefits. The District Court's affirmance of the Secretary's finding of no disability was affirmed by the Court of Appeals without discussion in *Mayfield.* The situation in the case at bar is precisely identical to that in *Mayfield* and, therefore, this court finds that plaintiff's demand for a further hearing must be denied.

3.) The court must now determine whether the Secretary's redetermination that plaintiff was not disabled is supported by substantial evidence. Plaintiff was originally found to be under a disability beginning on July 1, 1969. Plaintiff received the first payment on January 1, 1970, after the statutory six month waiting period. 42 U.S.C. § 423. However, the Administration later discovered that plaintiff had engaged in "substantial gainful activity" both during and after the waiting period.

"Disability" is defined in the Social Security Act as the 'inability to engage in substantial gainful activity.' 42 U.S.C. §§ 416, 423. The Act gives the Secretary broad authority to promulgate regulations augmenting these basic definitions, 42 U.S.C. § 423(d)(4). The relevant regulations provide that earnings of greater than $140 per month are deemed to demonstrate the ability to engage in substantial gainful activity, unless there is affirmative evidence that such work activities themselves establish that the individual does not have such ability. 20 C.F.R. § 404.1534(b) (1973).

Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). The record in the instant case clearly contains substantial evidence to support the Secretary under the criteria set forth above. Work records from plaintiff's employer show that he earned more than $140 per month during the last three months of 1969, during nine months of 1970 and during two months of 1971. (Transcript, pp. 89, 90, and 92). This earnings record is uncontradicted by plaintiff. However, he argues that the "unless" clause in 20 C.F.R. § 404.1534(b), paraphrased above, should apply in this case because his work record itself is affirmative evidence that he is unable to engage in substantial gainful activity.

Plaintiff contends that the Secretary did not evaluate his record in light of the "unless clause" and cites Wilson v. Richardson, 455 F.2d 304 (4th Cir. 1972), as supportive of his position. In that case, which involved a fairly similar fact situation, the Court of Appeals remanded to the District Court for a determination as to whether there was such affirmative evidence in the record as to satisfy the "unless clause."

There is definitely some evidence in the record that plaintiff was disabled, despite his work record. But the evidence is insufficient to overcome the presumption of ability to engage in substantial gainful work created by his earnings record. A pertinent case is Hedge v. Richardson, 458 F.2d 1065 (10th Cir. 1972), in which the District Court held for the claimant and the Court of Appeals reversed. The evidence was uncontradicted that claimant suffered from a severe impediment to his leg, which eventually forced him to quit work entirely. But he claimed disability for several years during which he had worked as an instrument repairman earning more than $140 per month. Claimant was given the job only because

of a shortage of applicants and he had to rely on the help of his co-workers in performing many of the physical tasks involved in the job. The Court of Appeals held that, under the regulations established by the Secretary, claimant's uncontradicted earnings record constituted substantial evidence to support the Secretary's decision. The Court further discounted the effect of the "unless clause," noting that claimant was handicapped but not helpless and that he spent the same amount of time and performed the same type of work as would a normal person. The Court stated that the purpose of the "unless clause" was not clear but that the record before them did not contain affirmative evidence that claimant's work activities established that he did not have the ability to engage in substantial gainful activity.

■ The reasoning in *Hedge* is also dispositive of the present case. Plaintiff does not deny that he earned more than $140 per month by driving a taxi during the period in question. Despite his impairments, plaintiff was not helpless and performed his work in substantially the same manner as would a healthy person. It would be irrational to hold that his work record itself is affirmative evidence of his inability to engage in substantial gainful activity. Accordingly, the court finds that the Secretary's finding of no disability is based on and supported by substantial evidence.

4.) The final question involves the recovery of the overpayment made to plaintiff. The Social Security Act provides that the recovery of overpayments may be waived only if the claimant is "without fault" *and* if recovery would defeat the purpose of the Act or be against equity and good conscience. The regulations state that "fault" exists where the overpayment resulted from:

(a) An incorrect statement made by the individual which he knew or should have known to be incorrect; or

(b) Failure to furnish information which he knew or should have known to be material; or

(c) With respect to the overpaid individual only, acceptance of a payment which he either knew or could have been expected to know was incorrect.

20 C.F.R. § 404.507. The Secretary here found that plaintiff was "not without fault" and, therefore, that he must repay the $3,231.60 which had previously been paid to him. If there is substantial evidence in the record to support this finding, it becomes unnecessary to determine whether recovery would be against equity and good conscience or would defeat the purposes of the Act. Morgan v. Finch, 423 F.2d 551 (6th Cir. 1970).

■ The record clearly reflects substantial evidence to support the Secretary's determination. In his application of August 22, 1969, plaintiff checked the box marked "yes" in answer to the question whether he would report any work activity to the Social Security Administration. The instructions immediately preceding this question indicated that any such work activity could affect entitlement to disability benefits. (Transcript, p. 65). Further, a Notice of Award was mailed to him on October 21, 1969 which indicated that returning to work could affect entitlement and that the recipient was under a duty to report any return to work. (Transcript, p. 66). Plaintiff denies receiving this notice, but it was addressed the same as were later checks which he did receive and the notice was never returned to the Administration. (See Transcript, p. 25). The record also indicates that "stuffers" requesting information as to work activity were often included with the checks. There is some evidence of this procedure in the Report of Contact of September 16, 1971 (Transcript, p. 91) and the Notice of Redetermination of March 21, 1972 (Transcript, p. 69). Plaintiff denies ever receiving any of these "stuffers" but does not contest receipt of the checks themselves. (See, e. g., Transcript, pp. 40–41, 91, and 67–68).

These excerpts from the record demonstrate that the Secretary's finding of fault was supported by substantial evi-

dence and complied with the definition thereof as set forth above. The Secretary stayed well within the bounds of the Act and the Regulations in finding that plaintiff, a college graduate, knew or should have known that employment might affect his entitlement to benefits and that he should have reported all work activity.

The findings of the Secretary as to any fact must be affirmed by this court if they are supported by substantial evidence. 42 U.S.C. § 405(g). As outlined above, the Secretary's findings in the instant case as to denial of disability status and recovery of overpayments are supported by substantial evidence. Accordingly, it is ordered that the findings and rulings of the Secretary be affirmed, that plaintiff's action be dismissed with prejudice and that costs be taxed against the plaintiff.