Mary G. **RENNAR**, Plaintiff,

v.

Caspar W. **WEINBERGER**, Secretary of Health, Education and Welfare of the United States of America, Defendant.

No. 74–407–C.

United States District Court,
E. D. Oklahoma,
Civil Division.

Sept. 15, 1975.

**1302**

A. Camp Bonds, Muskogee, Okl., for plaintiff.

Betty Outhier Williams, Asst. U.S. Atty., Muskogee, Okl., for defendant.

## MEMORANDUM OPINION

DAUGHERTY, Chief Judge.

In this action Plaintiff seeks judicial review of Defendant's administrative decision that she is not entitled to Widow's Benefits under Title IV of the Federal Coal Mine Health and Safety Act of 1969, as amended 30 U.S.C. § 901 et seq. Plaintiff is the widow of a coal miner who died in 1935. She filed her initial application for benefits under Part B of Title IV on May 12, 1971 (Tr. 28–31). Her application was denied initially on June 14, 1971. (Tr. 32–33). The Act was amended in 1972. Plaintiff's application was reviewed under the amended standards and again denied. (Tr. 34–36). Plaintiff then requested a hearing but waived her right to appear in person. The Administrative Law Judge considered the case do novo and concluded that Plaintiff was not entitled to benefits (Tr. 21–25). Plaintiff then, after the introduction of additional evidence, sought review of the Administrative Law Judge's decision before the Appeals Council. The Appeals Council considered the prior decision and also the additional evidence and concluded that the decision of the Administrative Law Judge was correct (Tr. 3). Plaintiff then filed this action under 42 U.S.C. § 405(g).

The purpose of Title IV is, in part, to provide benefits to the surviving dependents of coal miners who were totally disabled due to pneumoconiosis at the time of their deaths. 30 U.S.C. § 901. The Secretary of Health, Education, and Welfare is charged with the responsibility of administering the Act with respect to claims filed by widows of miners dying on or before December 31, 1973. 30 U.S.C. § 924. The Secretary is charged with the responsibility of promulgating regulations for determining whether a miner was totally disabled due to pneumoconiosis at the time of his death. 30 U.S.C. § 921. There are certain statutory presumptions relating to the determination of pneumoconiosis established by the Act. 30 U.S.C. § 921. These presumptions are repeated in the Secretary's regulations. 20 C.F.R. § 410.401 et seq.

Judicial review of administrative decisions relating to applications made under Title IV is conducted pursuant to 42 U.S.C. § 405(g). 30 U.S.C. § 923. Under 42 U.S.C. § 405(g) the Secretary's decision must be affirmed if supported by substantial evidence. Substantial evidence is defined as such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971).

In conducting this review this Court is required to examine the facts contained in the administrative record, evaluate the conflicts, and make a determination whether the facts support the several elements which make up the ultimate administrative decision. *Nickol v. United States*, 501 F.2d 1389 (Tenth Cir. 1974); *Heber Valley Milk Company v. Butz*, 503 F.2d 96 (Tenth Cir. 1974). The burden is on the Plaintiff to establish entitlement to benefits under the Act. 20 C.F.R. § 410.410. See also *Kutchman v. Cohen*, 425 F.2d 20 (Seventh Cir. 1970). Judicial review is limited to an inquiry as to whether there is substantial evidence contained in the record as a whole to support the final decision of the Secretary. *Hedge v. Richardson*, 458 F.2d 1065 (Tenth Cir. 1972).

The ultimate administrative decision herein is evidenced by the "Findings" of the Administrative Law Judge as that decision was adopted by the Appeals Council in its final action. (Tr. 3).

The essence of the Administrative Law Judge's "Findings" is that Plaintiff's Deceased was not totally disabled due to pneumoconiosis at the time of his death, (Tr. 24 "Finding" No. 3), and that the evidence fails to establish that at the time of his death the disability of Plaintiff's deceased was of sufficient severity, because of pneumoconiosis, to preclude him from doing his previous coal mine work, or considering his age, education, and work experience, to engage in other kinds of comparable gainful work available to him in the immediate area of his residence. (Tr. 24–25, "Finding" No. 6).

The following relevant evidence is contained in the record: A copy of Plaintiff's Deceased's death certificate,[1] showing that the Deceased died on July 8, 1935 as the result of a gunshot wound. A copy of Plaintiff's application for benefits. In this Application Plaintiff states that her Deceased was able to work prior to his death; that the Deceased died as a result of a gunshot wound during a fight; that the only doctor to treat the Deceased was a Dr. Nelson whom he visited about a sore on the mouth; and that the Deceased was never in a hospital. (Tr. 29–31). An affidavit made by Leonard Hodge stated that he knew Plaintiff's Deceased; that the Deceased had respiratory disease; that the Deceased told him that the disease was caused by working in the mines; that the summer before he died the Deceased was unable to work at all; and that for some time prior to that the Deceased had only been able to work a limited time. (Tr. 12–13). An affidavit made by Johnson Hodge stating that he knew the Deceased in the years before his death; that he was never in good health; that he was short of breath; and that the summer before his death the Deceased became extremely ill with respiratory disease. (Tr. 5–6). An affidavit made by Benney Harvey stating that he knew the Deceased during the last years of his life; that the Deceased was unable to work; and that he would on occasion drive the Deceased to town to see a doctor (Tr. 10). And an affidavit made by the Plaintiff in which she states that during the last years of his life the Deceased had lung disease caused by working in the mines; that the Deceased was unable to work because of the disease; and that the Deceased had worked in the mines all of his life. (Tr. 7–8).

■ There are several methods prescribed in the Secretary's regulations whereby the Plaintiff can establish her claim. As it is undisputed that Plaintiff's Deceased died as the result of a gunshot wound, and not pneumoconiosis, the only question is whether the Secretary's decision that the Plaintiff has failed to establish that her Deceased was totally disabled by pneumoconiosis, or a disease presumed to be pneumoconiosis, at the time of his death is supported by substantial evidence.

First, it is clear that Plaintiff has failed to establish her claim under the interim adjudicatory rules as their application requires the presentation of medical evidence and none is herein presented. 28 C.F.R. § 410.490.

Next, the permanent criteria are set out in 20 C.F.R. § 410.401.476. Pneumoconiosis is defined therein as a chronic dust disease of the lung arising out of employment in the Nation's coal mines, or as any other chronic respiratory disease or pulmonary impairment where the conditions for the application of the presumptions described in sections 414(b) or 454(b) are met (20 C.F.R. § 410, hereinafter omitted). The provisions for determining whether a miner was totally disabled due to pneumoconiosis at the time of his death are set out in sections 410–430. Plaintiff, in order to establish her entitlement to benefits, must show that her Deceased was a miner, that he was totally disabled due to

---

[1]. The copy presented in the Court's record is totally illegible. However, the parties have agreed in the Pre-Trial Conference Order to the contents of the certificate.

pneumoconiosis at the time of his death, and that the pneumoconiosis arose out of employment in the Nation's coal mines. § 410(b). A miner is totally disabled due to pneumoconiosis at the time of his death if at that time his pneumoconiosis prevents him from engaging in substantial gainful work in the immediate area of his residence requiring skills and abilities comparable to those of any work in a mine or mines in which he previously engaged with some regularity and over a substantial period of time; and his impairment was expected to, or did, last for a continuous period of not less than twelve months. § 412(b).

Under § 424 medical considerations alone shall justify a finding that a miner was totally disabled at the time of his death. However, under § 426 a finding of pneumoconiosis may be based on other relevant evidence. § 424(c) defines other relevant evidence to include affidavits of the miner's spouse and other persons with knowledge of the miner's physical condition.

As has been previously stated the gist of the Secretary's decision is that the evidence does not establish that the Deceased was totally disabled due to pneumoconiosis at the time of his death. This conclusion is supported by the statements Plaintiff made in her application for benefits to the effect that her Deceased was able to work before his death and that he only saw a doctor once. The conclusion is countered by the statements found in the affidavits described above.

 It is the Secretary's task, and not that of this Court, to weigh and credit testimony. *Selig v. Richardson,* 379 F.Supp. 594 (E.D.N.Y.1974); *Haley v. Celebrezze,* 351 F.2d 516 (Tenth Cir. 1965). The Secretary is not required to believe the testimony of interested witnesses even if not contradicted. *Foss v. Gardner,* 363 F.2d 25 (Eighth Cir. 1966).

In considering the record as a whole the Court finds and concludes that the Secretary's decision is supported by substantial evidence. Again, the only question is whether the Deceased was totally disabled due to pneumoconiosis at the time of his death. The Deceased died as the result of a gunshot wound during a fight. The Plaintiff initially stated that he was able to work prior to his death. This is contradicted by her later affidavit and the affidavits of her neighbors. There being a conflict in the evidence it is for the Secretary to weigh and credit the evidence. On this state of the record it cannot be said that a reasonable mind might not conclude that Plaintiff has failed to establish that her Deceased was disabled due to pneumoconiosis at the time of his death.

A judgment based on the foregoing in which the Decision of the Secretary is affirmed will be entered this date.