**Not For Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

---

No. 05-1055

SAMUEL JONES,

Plaintiff, Appellant,

v.

SOCIAL SECURITY ADMINISTRATION, ET AL.,

Defendants, Appellees.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Douglas P. Woodlock, U.S. District Judge]

---

Before

Selya, Lynch and Howard,
Circuit Judge.

---

Samuel Jones on brief pro se.
Michael J. Sullivan, United States Attorney, and Anita
Johnson, Assistant U.S. Attorney, on brief for appellee.

---

September 15, 2005

---

**Per Curiam**.   This is an appeal from the district court's decision affirming a decision by an administrative law judge ("ALJ") in a disability insurance benefits case.  The ALJ denied this pro se appellant's request for a waiver of recovery of an overpayment of benefits.  He also concluded that the Commissioner of Social Security had properly recouped the overpayment by reducing a subsequent award of retroactive benefits.  We evaluate whether there is substantial evidence to support the ALJ's fact findings and whether appropriate legal standards were employed.  Nguyen v. Chater, 172 F.3d 31, 35 (1st Cir. 1999).

After careful review of the record, we conclude that substantial evidence supports the ALJ's finding that Jones was not entitled to a waiver of recovery of the overpayment because he was not "without fault" regarding the overpayment.  At a hearing, Jones admitted that, during the pertinent time period, he knew that the agency was erroneously paying him disability benefits that were no longer due.  Thus, he was not "without fault," and the denial of his waiver request was proper.  20 CFR § 404.507 (indicating that an overpaid individual is at fault if he accepts "a payment which he either knew or could have been expected to know was incorrect"); see 42 U.S.C. § 404(b) (only barring any "adjustment" in payments to, or "recovery" from, persons "without fault").

Regarding the offset, Jones does not object to the ALJ's determination that the agency properly used its netting regulation, 20 CFR § 404.504, as explained in Sullivan v. Everhart, 494 U.S. 83, 87, 93-94 (1990). Hence, we need not consider that question. Instead, he challenges the offset on the ground that the agency waived its right to recover the overpayment, citing language in a November 1992 notice it sent him. He also asserts that he was denied a pre-recoupment "personal conference." See Califano v. Yamasaki, 442 U.S. 682, 697 (1979).

The waiver claim is meritless because the agency's November 1992 notice contained no explicit or actual waiver of rights. The agency stated only that "no action will be taken to recover the overpayment" until Jones' request for a waiver of recovery had been decided. As it turned out, the agency recouped the overpayment by offsetting it against the award of retroactive benefits before it denied Jones' waiver request. Its failure to hold off on recovery, as it advised Jones it would, was seemingly inadvertent, as it apparently had lost track of his waiver request until he mentioned it after the offset was made. The record does not support a finding of any intentional waiver of rights.

It is true that Jones did not get a hearing before the agency recouped the overpayment. But a hearing was due only if

the recoupment was an "adjustment" under 42 U.S.C. § 404(a)(1)(A), a question that Jones does not address. Even if an adjustment occurred here (and not netting, as to which no hearing is required), the inadvertent error was entirely harmless and would not affect the outcome on appeal. Kerner v. Celebrezze, 340 F.2d 736, 740 (2d Cir. 1965) (declining to reverse denial of disability benefits where the challenged procedural irregularity was harmless error). We explain briefly.

The record shows that Jones received an entirely adequate post-recoupment hearing at which he testified. His own admissions at the hearing confirmed that he did not qualify for a waiver of the recovery. Substantively, therefore, his waiver request was meritless (and a pre-recoupment hearing, had one been held, would have established the same point). The agency was plainly entitled to recoup the overpayment, and there is no basis for the remedial action Jones now seeks (return of the withheld retroactive benefits). See Mercer v. Birchman, 700 F.2d 828, 832-33 (2d Cir. 1983) (rejecting a challenge to the agency's failure to follow its customary procedures where the deviation was aberrant and the agency had corrected the problem during subsequent administrative proceedings); Crites v. Weinberger, 364 F. Supp. 956, 958 (N.D. Tex. 1973) (concluding that it would be "ludicrous" to reinstate terminated benefits just so the agency could hold a pre-termination hearing as required by new

-4-

regulations where the plaintiff had already received an adequate post-termination hearing).

Jones' remaining appellate claims are unavailing and require no further discussion.

<u>Affirmed.</u>